## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

SYLVESTER GREGG, *on behalf of himself and others similarly situated*,

        *Plaintiff,*

v.

SN SERVICING CORPORATION a/k/a
SECURITY NATIONAL SERVICING
CORPORATION; and
SECURITY NATIONAL MASTER HOLDING
COMPANY, LLC,

        *Defendants.*

</td><td>

Civil Action No.: ___21-cv-1640___

**COMPLAINT**

**Jury Trial Demanded**

</td></tr>
</table>

Sylvester Gregg, the plaintiff herein ("Plaintiff"), by his attorneys, on behalf of himself and all others similarly situated alleges as follows:

### NATURE OF ACTION

1.     Plaintiff brings claims pursuant to the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and New York General Business Law § 349.

2.     The instant lawsuit seeks to vindicate the rights of New York consumers who—in violation of the FDCPA and New York law—were sent collection letters from Defendant Security National Master Holding Company, LLC, acting through Defendant SN Servicing Corporation a/k/a Security National Servicing Corporation (collectively, "Defendants"), in which they provided false, deceptive, and misleading statements regarding the status of purported debt obligations with respect to the lapse of the applicable statutes of limitations, compliance with debt collection procedures required by New York State law, and the collectability and status of consumer debts discharged under the Bankruptcy Code.

3.      Acting though SN Servicing Corporation, a self-identified "debt collector[,]" Defendants issued notices seeking to collect debts from Plaintiff and all other similarly situated consumers without assessing the applicable statute of limitations before issuance as required by New York law.

4.      Instead of determining the statute of limitations applicable to the debts it sought to collect and whether such statute of limitations has lapsed, Defendants placed the onus on consumers to determine whether their debt was time-barred, undermining the very time-barred debt warning that they conditionally provided to New York residents as follows:  "If your debt is past the statute of limitations, you are hereby notified of the following important consumer information: . . .  Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired."

5.      Thus, New York consumers receiving debt collection notices from Defendants faced a near tautological quagmire:  they were warned that the statute of limitations on their debts may have expired, but only if they, *the consumers*, first determined that their purported debts were beyond the applicable statute of limitations and the warning language that followed was therefore applicable to them.

6.      Compounding the false, deceptive, and misleading statements regarding time-barred debts, Defendants' correspondence also falsely stated that the "notice" was sent to consumers "in accordance with state regulations," but Defendants failed to maintain reasonable procedures for determining the statute of limitations applicable to the debts they were collecting and whether such statute of limitations had expired in violation of 23 NYCRR § 1.3(a).

7. Defendants also issued false, deceptive, and misleading communications to consumers seeking to collect consumer debts that could not be collected because the consumers were in bankruptcy proceedings or the debts had been discharged by Bankruptcy Courts.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

10. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

11. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

12. Venue is also proper in this district because Plaintiff lives in this District, Defendants conduct business in this District, and the injury occurred in this District.

## PARTIES

13. At all relevant times, Plaintiff Sylvester Gregg has resided in Rosedale, New York.

14. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

15. Defendant SN Servicing Corporation a/k/a Security National Servicing Corporation ("SNSC") is an Alaska corporation authorized to do business in New York with a principal place of business in Baton Rouge, Louisiana.

16. SNSC "specializes in re-performing seriously delinquent loans, including HUD/FHA, USDA and VA loans for investors."

17. Since inception, SNSC "has serviced more than $10 billion in assets and 280,000 loans for more than 175 clients."

3

18.     Defendant Security National Master Holding Company, LLC ("SNMHC") is an Alaska limited liability company headquartered in Baton Rouge, Louisiana, with its main loan servicing operational center located in Eureka, California.

19.     SNMHC "has a servicing portfolio of over 26,000 residential, commercial, consumer and unsecured loans sourced from a wide variety of financial institutions," and provides "services for borrowers and tenants in all 50 states . . . ."

20.     SNSC and SNMHC (collectively, "Defendants") are and were "debt collectors" as that term is defined in the FDCPA. 15 U.S.C. § 1692a(6).

21.     Upon information and belief, at all times material herein, Defendants operated as a common enterprise that shares common ownership, management, address, office space, and employees, and commingles funds.

22.     Upon information and belief, at all times material herein, Defendants have operated as a common enterprise while engaging in unlawful conduct, including the violations of law described herein.

23.     In light of the foregoing, Defendants are jointly and severally liable for the acts or practices alleged herein.

## NAMED PLAINTIFF'S EXPERIENCE

24.     Plaintiff took out a mortgage loan on October 23, 2006 in the amount of $89,800 for his home in Rosedale, New York (the "Mortgage").

25.     On January 22, 2010, Plaintiff filed a petition for bankruptcy with the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court").

26.     On April 26, 2010, the Bankruptcy Court issued an Order discharging Plaintiff from any personal liability for the Mortgage.

4

27.     In or about August 2011, Plaintiff ceased making payment on the Mortgage.

28.     On or about April 7, 2020, Plaintiff received a letter from Veripro Solutions, Inc. informing him that the servicing of the Mortgage had been transferred to SNSC, effective April 27, 2020.

29.     On or about May 8, 2020, Plaintiff received a letter from SNSC confirming that the servicing of the Mortgage had been transferred to SNSC.

**State Disclosure**

30.     On or about May 13, 2020, Plaintiff received a letter from SNSC that stated as follows (hereinafter, the "State Disclosure"):

> **\*\*IMPORTANT STATE DISCLOSURES\*\***
> This notice is being sent to you, in accordance with state regulations, by SN Servicing Corporation, a debt collector responsible for servicing and collecting the debt on behalf of BCMB1 Trust, the creditor to whom the debt is owed.
>
> **If your debt is past the statute of limitations, you are hereby notified of the following important consumer information:**

Exhibit 1, at 1 (emphasis in original).

31.     The State Disclosure goes on to set forth so-called time-bar warnings for consumers residing in California, Connecticut, New York, West Virginia, Texas, and New Mexico.

32.     With respect to New York residents, the State Disclosure included language approved by the New York State Department of Financial Services ("DFS"), 23 NYCRR § 1.3(c) (hereinafter, the "New York Time-Bar Warning"), as follows:

> **For New York residents:**
> We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice:
>
> Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect

5

on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: If you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.

Exhibit 1, at 1.

33.     Consumers are entitled to "clear and conspicuous notice" (23 NYCRR 1.3(b)) of the NY Time-Bar Warning such that the "statement, representation or term being disclosed . . . is so presented as to be readily noticed and understood by the person to whom it is being disclosed."  23 NYCRR 1.1(b)

34.     However, as set forth in the preceding paragraphs, Defendants directed the New York Time-Bar Warning only to recipients who could first determine for themselves that the statute of limitations had lapsed.

35.     Thus, the express language in the New York Time-Bar Warning was rendered ineffective, false, deceptive, and misleading—the only way a recipient consumer such as Plaintiff could determine whether the "creditor or debt collector believes that the legal time limit (statute of limitations) . . . may have expired" was by the *consumer's own determination* that the statute of limitations had lapsed.

36.     Contrary to the New York Time-Bar Warning language, the Defendants made no determination at all with respect to the statute of limitations for the consumers' debts, including Plaintiff's purported debt.

37.     Similarly, Defendants also falsely represented that their notice was sent to consumers, including Plaintiff, "in accordance with state regulations."

38.     Defendants abdicated their responsibility to "maintain reasonable procedures for determining the statute of limitations applicable to a debt [they] [are] collecting and whether such statute of limitations has expired[,]" 23 NYCRR § 1.3(a), and instead shifted their burden to the consumers to whom they addressed collection notices.

**Demand for Payment**

39.     On or about May 15, 2020, Plaintiff received a letter from SNSC (the "Demand for Payment") addressed to Plaintiff at his residence seeking a to collect a debt of $142,276.82.

40.     The Demand for Payment provided as follows:

> As of the date of this letter, our records indicate the total amount of your debt is $142,276.82. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call . . . . .

> BCMB1 Trust is the creditor to whom the debt is owed. However, SN Servicing Corporation, a debt collector, is responsible for servicing and collecting the debt.

> Unless you dispute the validity of the debt or any portion of the debt within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

> * * *

> You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose. . . .

Exhibit 2, at 1.

41.     However, the Demand for Payment was false, misleading and deceptive.

42.     Plaintiff's liability for the debt sought by Defendants had been discharged by the Bankruptcy Court.

43.    Defendants acknowledge that bankruptcy proceedings and bankruptcy discharges prohibit their collection activities.

44.    Seeking to insulate their liability from engaging in prohibited collection activities against Plaintiff, Defendants provided the following disclaimer in the Demand for Payment (hereinafter, the "Bankruptcy Disclaimer"):

> NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY: Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

Exhibit 2, at 1.

45.    However, the Bankruptcy Disclaimer was ineffective—the purpose of the Demand for Payment was to seek collection from the recipient consumers (i.e., precisely those individuals covered by the FDCPA).

46.    The Demand for Payment did not indicate it was sent in connection with foreclosure proceedings; it is not a regularly issued statement of account; nor is it anything other than a communication in connection with the collection of a consumer debt.

47.    The very first sentence in the Demand for Payment indicated that "[t]his notice is being sent to you in accordance with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq." Exhibit 2, at 1.

48.    Thus, the debt collection contents of Defendants' post-bankruptcy Demand for Payment overrode the Bankruptcy Disclaimer contained elsewhere in the same document.

## CLASS ALLEGATIONS

49.     Plaintiff Sylvester Gregg brings this action on behalf of not only himself, but also on behalf of a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. Rule 23.

50.     Plaintiff seeks to represent three subclasses (referred to collectively as "the Class"), defined as follows:

51.     Subclass 1:

    a.  All natural persons;

    b.  Who are residents in New York State;

    c.  Who were sent one or more communications from SNSC;

    d.  Seeking to collect purported debts;

    e.  Which contained the following language: "If your debt is past the statute of limitations, you are hereby notified of the following important consumer information" or substantially similar language; and

    f.  Whose date of default, according to Defendants' records, was more than six years prior to the last communication to said person sent by Defendants.

52.     Subclass 2:

    a.  All natural persons;

    b.  Who are residents in New York State;

    c.  Who were sent one or more communications from SNSC;

    d.  Seeking to collect purported debts;

    e.  Where the underlying debt upon which Defendants sought to collect had previously been discharged by a Bankruptcy Court or was subject to a pending Bankruptcy Court action as of the date of the communication.

53. Each Subclass is further divided into an FDCPA subclass, which shall consist of all those who meet the Class criteria set forth above and who, in addition, were sent said communications within one year of the initiation of the instant class action, and a New York Gen. Bus. Law § 349 subclass, which shall consist of all those who meet the Class criteria set forth above and who, in addition, were sent said communications within three years of the initiation of the instant class action.

54. Excluded from the Class are:

    a. anyone employed by counsel for Plaintiff in this action; and

    b. any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

55. The debt collection communications at issue in this case are boilerplate documents whose language does not materially vary from one consumer to the next, and which, upon information and belief, were sent by Defendants, a high-volume debt collector, to hundreds if not thousands of consumers.

56. Upon information and belief, the Class (including each Subclass) includes hundreds, if not thousands of members and is sufficiently numerous that joinder of all members is impractical.

57. Although the exact number of Class members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendants' records.

*Existence and Predominance of Common Questions*

58. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members.

59.     These questions include:

    a.  Whether the false, misleading, and deceptive communications issued by Defendants improperly and ineffectively advised the recipients regarding applicability of the New York Time-Bar Warning;

    b.  Whether the Defendants maintained reasonable procedures for determining the statute of limitations applicable to the purported debts they were collecting and whether Defendants followed those procedures;

    c.   Whether such false, misleading, and deceptive acts were material in nature;

    d.  Whether Defendants engaged in unfair and/or deceptive debt collection practices in violation of the FDCPA and/or New York Gen. Bus. Law § 349;

    e.  Whether Plaintiff and the other Class members are entitled to statutory damages, actual damages, costs and attorney's fees under the FDCPA;

    f.  Whether Plaintiff and the other class members are entitled to actual, damages of $50 each, punitive damages, treble damages, costs and attorney's fees under New York Gen. Bus. Law § 349.

*Typicality*

60.     Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff is:

    a.  A natural person;

    b.  Residing in New York;

    c.  Who received one or more communications from SN Servicing;

    d.  Which sought to collect purported debts;

e. Which contained the following language: "If your debt is past the statute of limitations, you are hereby notified of the following important consumer information;" and

f. Whose date of default, according to Defendants' records, was more than six years prior to the last communication to said person sent by Defendants; and, additionally

g. A natural person who received one or more communications from SNSC;

h. Seeking to collect purported debts;

i. Where the underlying debt upon which Defendants sought to collect had previously been discharged by a Bankruptcy Court or was subject to a pending Bankruptcy Court action as of the date of the communication.

j.

k. Where the underlying debt upon which Defendants sought to collect had previously been discharged by a Bankruptcy Court or was subject to a pending Bankruptcy Court action as of the date of the communication

l. equired the recipients to determine the statute of limitations applicable to the purported debts in order to determine whether the New York Time-Bar Warning applied to their purported debts;

m. Which was sent to Plaintiff past the statute of limitations for the debt;

a. All natural persons;

b. Who are residents in New York State;

c. Who were sent one or more communications from SNSC;

d. Seeking to collect purported debts;

e.  Which contained the following language: "If your debt is past the statute of limitations, you are hereby notified of the following important consumer information" or substantially similar language; and

f.  Whose date of default, according to Defendants' records, was more than six years prior to the last communication to said person sent by Defendants.

61.  Plaintiff's claims are also typical of the claims of the Class because, among other things, Plaintiff is:

a.  A natural person;

b.  Residing in New York;

c.  Who received one or more communications from SN Servicing;

d.  Which sought to collect purported debts;

e.  Where the underlying debt upon which the sender sought to collect had previously been discharged by a Bankruptcy Court or was subject to a pending Bankruptcy Court action as of the date of the communication

62.  Thus, Plaintiff's claims—based on the same boilerplate misstatements by Defendants issued to all class membership—are typical of the claims of the class.

63.  Put differently, all of the claims are based on the same factual and legal theories and the Plaintiff, together with each Class member, has been subjected to the same false, deceptive and unfair communications and acts by Defendants.

*Adequacy*

64.  Plaintiff will fairly and adequately represent the interests of the class members and Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent.

65.     Plaintiff has retained counsel experienced in prosecuting class actions in consumer protection matters.  There is no reason why this Plaintiff and counsel will not vigorously pursue this matter.

*Superiority*

66.     The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

67.     The damages suffered by each individual Class member may be limited.  Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

68.     Further, it would be virtually impossible for the members of the Class to individually redress the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, the court system could not.

69.     Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

70.     By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

71.     In the alternative, the Class may be certified because:

        a.  the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### (Violations of the Fair Debt Collection Practices Act)

72.   Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

73.   Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair collection practices by many debt collectors." 15 U.S.C § 1692(a).

74.   The FDCPA is remedial in nature and liberally construed.

75.   A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

76.   Such prohibition includes the false representation of "the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)A).

77.   Such prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

78.   A debt collector may also not "use unfair or unconscionable means to collect any debt." 15 U.S.C. § 1692f.

79.     Such prohibition includes "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

80.     Defendants violated the FDCPA by sending out to Plaintiff and all other similarly situated individuals communications seeking to collect debts that:

 a. Required the recipients to determine the statute of limitations applicable to the purported debts in order to determine whether the New York Time-Bar Warning applied to their purported debts in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f;

 b. Represented that the communication was sent "in accordance with state regulations" when in contravention of New York law the sender failed to "maintain reasonable procedures for determining the statute of limitations applicable to a debt it is collecting and whether such statute of limitations has expired" in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f; and

 c. Sought to collect amounts from the intended consumer recipients that could not be collected because the debts had been discharged by a Bankruptcy Court or were subject to a pending Bankruptcy Court action in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1).

81.     Defendants' false, misleading, and deceptive acts have caused Plaintiff and all others similarly situated to suffer cognizable harm.

82.     As a result of these violations, Plaintiff and the putative class are entitled to statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

83.     Although Plaintiff does not seek FDCPA actual damages for himself in this action, the Class includes members who are entitled to actual damages in connection with purported debts that were collected by Defendants from the Class but were collected after the applicable statutes of limitations had lapsed, were not lawful and owed, or could not be collected, and Plaintiff seeks those actual damages on behalf of the members of the Class who suffered actual damages of this nature.

## COUNT II
### (New York State General Business Law § 349)

84.     Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

85.     Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in Count I was committed in the conduct of *business, trade*, *commerce or the furnishing of* a *service in this state* and constituted a violation of New York Gen. Bus. Law § 349 independent of whether it also constituted a violation of any other law.

86.     Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

87.     Specifically, and without limitation, the following acts are false and deceptive: sending out communications in their attempt to collect from Plaintiff and all others similarly situated that:

    a.  Required the recipients to determine the statute of limitations applicable to the purported debts in order to determine whether the New York Time-Bar Warning applied to their purported debts;

    b.  Represented that the communication was sent "in accordance with state regulations" when in contravention of New York law the sender failed to

"maintain reasonable procedures for determining the statute of limitations applicable to a debt it is collecting and whether such statute of limitations has expired;" or

c. Sought to collect amounts from the intended consumer recipients that could not be collected because the debts had been discharged by a Bankruptcy Court or were subject to a pending Bankruptcy Court action.

88.     This false and deceptive conduct impairs the rights of consumers, inducing them to make payments they would not make if fully informed of their rights.

89.     Plaintiff and all others similarly situated have been damaged thereby.

90.     As a result of Defendants' violations of New York Gen. Bus. Law § 349, Plaintiff and each other member of the Class are entitled to declaratory judgment; an injunction against the offending conduct, damages in the amount of $50 or the amount collected (whichever is greater), treble damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE** Plaintiff and members of the class respectfully request that this Court award:

A.  An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

B.  A judgment declaring that Defendants have committed the violations of law alleged in this action;

C.  Statutory Damages;

D.  Actual Damages;

E.  Treble Damages;

F.  Punitive Damages;

G.  Injunction of the offending conduct;

H.  An order awarding disbursements, costs, and attorneys' fees; and

I.  Such other and further relief that may be just and proper.


Dated:  March 26, 2021


**SCHLANGER LAW GROUP, LLP**

Evan S. Rothfarb
Daniel A. Schlanger
80 Broad Street, Suite 1301
New York, NY 10004
T. (212) 500-6114
F. (646) 612-7996
erothfarb@consumerprotection.net
dschlanger@consumerprotection.net