```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
SYLVESTER GREGG, on behalf of himself                       :
and all others similarly situated,                          :
                                                            :   MEMORANDUM DECISION AND
                              Plaintiff,                    :   ORDER
                                                            :
              -against-                                     :   21-cv-01640 (BMC)
                                                            :
                                                            :
SN SERVICING CORPORATION a/k/a                              :
SECURITY NATIONAL SERVICING                                 :
CORPORATION; and SECURITY                                   :
NATIONAL MASTER HOLDING                                     :
COMPANY, LLC,                                               :
                              Defendant.                    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before the Court is defendants' motion to dismiss for failure to state a claim and plaintiff's cross-motion for summary judgment. While these motions were pending, the Supreme Court decided TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), so I ordered supplemental briefing to address whether plaintiff has alleged a "concrete harm" sufficient to confer Article III standing. Having considered their submissions, the Court concludes that plaintiff has not demonstrated an injury in fact as to the FDCPA claim. The Court declines to exercise supplemental jurisdiction over the remaining state claim and thus dismisses the case for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff brought this putative class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and New York Gen. Bus. Law § 349 ("NYGBL 349") alleging that defendant debt collectors SN Servicing Corporation ("SNSC") and Security National Master Holding

Company, LLC ("SNMHC") sent false, misleading, and deceptive letters regarding consumer debts and the debt collection procedures required by New York State law. Under New York law, when a debt collector knows or has reason to know that the statute of limitations has lapsed on a given debt, the debt collector must inform the former debtor that "the debt collector believes that the statute of limitations applicable to the debt may be expired." 23 CRR-NY 1.3. This notice must be "clear and conspicuous." Id.

Plaintiff's claim is that – although SNSC and SNMHC sent notice letters purporting to comply with this requirement – the letters improperly put the onus on the recipient to determine whether the statutory period had lapsed. In plaintiff's view, it was defendants' duty to determine whether the statutory period had lapsed, and if it had, communicate that to plaintiff (and the putative class members) in a "clear and conspicuous" manner.[1] Plaintiff claims that defendants wrote these letters in an intentionally confusing way, hoping to induce recipients into making debt payments they were no longer legally obligated to make.

Although plaintiff did not himself make such a payment, the complaint alleges that "the Class includes members who are entitled to actual damages in connection with purported debts that were collected by Defendants from the Class but were collected after the applicable statutes of limitations had lapsed[.]" Plaintiff also alleges that he and all members of the putative class suffered an "informational injury" insofar as "Defendants compelled Plaintiff (and the putative class) to perform tasks allocated to his debt collectors" – i.e., calculating the applicable limitations period.

---

[1] Plaintiffs alleged that "[t]his same calculation was required by Plaintiff (and the members of the putative class) before he could assess whether [a] Bankruptcy Disclaimer applied."

**DISCUSSION**

TransUnion clarified that "in suits for damages, plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm: 'No concrete harm; no standing.'" Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 64 (2d Cir. 2021). Stated another way, "an injury in law is not an injury in fact." TransUnion, 141 S. Ct. at 2205. Thus, a violation of the FDCPA, standing alone, cannot satisfy the "concrete harm" element of Article III standing.

Plaintiff disagrees, relying on Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 81 (2d Cir. 2018), and Strubel v. Comenity Bank, 842 F.3d 181, 189 (2d Cir. 2016), in which the Second Circuit held that FDCPA violations are concrete harms. Plaintiff claims this holding somehow survives TransUnion – a fair enough argument when he last made it, in October 2021. But since then, courts in this Circuit have unanimously found otherwise. See, e.g., Mohadeb v. Credit Corp. Solutions Inc., No. 22-CV-5017, 2022 WL 17832856, at *2 (E.D.N.Y. Dec. 21, 2022); Lanza v. Client Services, Inc., No. 21-CV-06319 at *3 (E.D.N.Y. Sept. 12, 2022); Ergas v. Eastpoint Recovery Grp., Inc., No. 20-CV-333S, 2022 WL 2128029 (W.D.N.Y. June 14, 2022); Nojovits v. Ceteris Portfolio Servs., LLC, No. 22-CV-2833, 2022 WL 2047179, at *2 (E.D.N.Y. June 7, 2022). And rightly so, given TransUnion's explicit instruction that "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." 141 S. Ct. at 2205 (emphasis in original).

Plaintiff gets closer with his argument that he suffered an informational injury, but again, per TransUnion, an "asserted informational injury that causes no adverse effects cannot satisfy

3

Article III." Id. at 2214.  Plaintiff argues that the notices at issue here were not just faulty or misleading, but rather required him to perform a task that defendants were legally obligated to perform – to calculate the statute of limitations that applied to plaintiff's purported debt, determine whether the statutory period had lapsed, and then assess whether the time-bar warning language applied.  But the complaint does not allege plaintiff actually did any of that.  Moreover, the complaint does not allege that plaintiff was "confused, distressed, or relied on the information in any way." Id. at 2213.

In addition, plaintiff's purported "injury" would not exist but for a *state* regulation that shifts the informational burden from consumers to debt collectors.  See 23 CRR-NY 1.3.  State law cannot piggyback on a federal statute (here, the FDCPA) to create an Article III injury that would not otherwise exist.  Cf. Adams v. Skagit Bonded Collectors, LLC, 836 F. App'x 544, 545–47 & n.2 (9th Cir. 2020) (concluding that the doctrine of informational injury does not apply to FDCPA violations because the FDCPA does not create "a right to information per se").[2]

Finally, Plaintiff's complaint alleges that some purported class members were misled by defendants' mailings and thus made payments on debts for which the statutory period had already lapsed.  These hypothetical class members would satisfy the concrete injury requirement, but "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which

---

[2] The Court is likewise skeptical that the FDCPA's ban on "false, deceptive, or misleading representation[s]," 15 U.S.C. § 1692e, means that debt collectors must make "bespoke" conclusions about the legal status of individual debts.  Cf. Mader v. Experian Info. Sols., Inc., No. 20-3073, 2023 WL 27654, at *4 (2d Cir. Jan. 4, 2023) ("The bespoke attention and legal reasoning required to determine the post-bankruptcy validity of [plaintiff]'s debt means that its status is not sufficiently objectively verifiable to render [plaintiff]'s credit report "inaccurate" under the FCRA.").

4

they belong and which they purport to represent." <u>Simon v. E. Kentucky Welfare Rts. Org.</u>, 426 U.S. 26, 40 n.20 (1976).

## **CONCLUSION**

Plaintiff's complaint is dismissed for lack of jurisdiction.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　January 4, 2023

5